IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-127-WKW |
| | ) | [WO] |
| HOUSTON COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on February 22, 2018. On February 23, 2018, the court entered an order directing Plaintiff to supplement his complaint. *See* Doc. 5. On March 5, 2018, the envelope containing Plaintiff's copy of the February 23 order was returned to the court marked as undeliverable. Accordingly, on March 6, 2018, the court entered an order requiring that Plaintiff file by March 13, 2018 a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 6. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 6. Plaintiff's copy of the March 6, 2018 order was returned to the court on March 14, 2018, marked as undeliverable.

The foregoing reflects a lack of interest in the continued prosecution of this case by Plaintiff. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

The Clerk is DIRECTED to furnish a copy of this Recommendation to Defendants.

It is further ORDERED that **on or before March 29, 2018**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 15th day of March, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE